IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID J. CLARK,

                                         ORDER

           Plaintiff,

                                     08-cv-536-bbc

     v.

KAREN LEITNER, MIKE CARROLL, ROBERT
KRIZ, NANCY SEEFELDT, ERICA SCHEDEL,
RANDI RAHMER, NICOLE SUESS, MELISSA
SAUBY, ABBAS ANGHA, KENRIC KLEMZ,
STEVE HAMILTON, DAN WINKLER, STEVE
HABLE, DANA KRUEGER, ROBIN MEIKLEJOHN,
MATT DAVIS, TERRY WELHOUSE, SCOTT
ALLEN, LEON LIPP, JIM EMERSON, TONY
GASSEN, MIKE PRIEBE, PAT KRIZ, RYAN ALBALAN,
JASEN PROBST, ANDY SCHNEIDER, DAISY
BILLINGTON, MATT DAVEL, LONNIE LASALLE,
KATHY SABEL, BYRAN BARTOW, CHRISTI
BERMEJO, JOHN EASTERDAY, MARLA
BOBHOLZ-DAVIS, JENNIFER DEGROOT,
DAN MINNICK and VIKKI WEBER,[1]

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on December 1, 2008, I granted plaintiff David

---

[1] The caption has been updated to reflect the correct spellings of Ryan Albalan's and Jasen Probst's names.

1

Clark's request for leave to proceed in forma pauperis on his free exercise, RLUIPA and retaliation claims against defendants Karen Leitner, Mike Carroll, Randi Rahmer, Nicole Suess, Melissa Sauby, Abbas Angha, Kenric Klemz, Nancy Seefeldt, Steve Hamilton, Dan Winkler, Robin Meiklejohn, Matt Davis, Terry Welhouse, Ryan Abala, Robert Kriz, Scott Allen, Leon Lipp, Jim Emerson, Tony Gassen, Mike Priebe, Pat Kriz, Jason Probst Dana Krueger, Erica Schedel, Steve Hable and Andy Schneider. In addition, in an order dated February 2, 2009, I granted plaintiff's motion to amend his complaint to include RLUIPA and First Amendment free exercise claims against defendants Daisy Billington, Matt Davel, Lonnie LaSalle, Kathy Sabel, Byran Bartow, Christi Bermejo and John Easterday, and due process claims against defendants Dan Winkler, Abbas Angha, Steve Hamilton, Steve Hable, Erica Schedel, Dana Krueger, Nicole Suess, Melissa Sauby, Robert Kriz, Nancy Seefeldt, Marla Bobholz-Davis, Jennifer DeGroot, Dan Minnick and Vikki Weber. The Attorney General's office has accepted service of plaintiff's complaint on behalf of all defendants except Lonnie LaSalle and Vikki Weber. The Attorney General's office reports that defendant Weber is "no longer employed" by the Wisconsin Department of Health Services and there is "no such person" as Lonnie LaSalle "employed with DHS."

The clerk of court has prepared a Marshals Service and summons form for defendant Weber and is forwarding copies of the amended complaint, the February 2 order and the completed forms to the United States Marshal for service on her. Marshals Service and

2

summons forms cannot be completed for the defendant plaintiff identifies as Lonnie LaSalle, because it appears that plaintiff has misidentified him or her and the Attorney General cannot determine who this person is. Therefore, defendant LaSalle will be treated as a Doe defendant. Once defendant Weber has been served with plaintiff's complaint and all defendants except LaSalle have filed their responsive pleadings, the court will schedule a preliminary pretrial conference to be held by telephone before United States Magistrate Judge Stephen Crocker. At the conference, Magistrate Judge Crocker will set a deadline for plaintiff to conduct discovery in an effort to obtain the correct name of the Doe defendant and to amend his complaint to reflect the proper identification.

In completing the Marshals Service form for defendant Weber, the clerk has not provided a forwarding address because this information is unknown. It will be up to the marshal to make a reasonable effort to locate defendant Weber by contacting the Department of Health Services or conducting an internet search of public records for the defendant's current address or both. Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in Sellers, the court of appeals recognized the security

3

concerns that arise when prisoners have access to the personal addresses of former or current prison employees. Id. at 602. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the internet. If the marshal is successful in obtaining defendant Weber's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service forms, because the forms are filed in the court's public file and mailed to the plaintiff after service is effected.

Entered this 18th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge