IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID J. CLARK,

                Plaintiff,

v.

KAREN LEITNER, MIKE CARROLL, ROBERTKRIZ, NANCY
SEEFELDT, ERICA SCHEDEL, RANDI RAHMER, NICOLE
SUESS, MELISSA SAUBY, ABBAS ANGHA, KENRIC KLEMZ,
STEVE HAMILTON, DAN WINKLER, STEVE HABLE, DANA
KRUEGER, ROBIN MEIKLEJOHN, MATT DAVIS, TERRY
WELHOUSE, SCOTT ALLEN, LEON LIPP, JIM EMERSON,
TONY GASSEN, MIKE PRIEBE, PAT KRIZ, RYAN ALBALAN,
JASON PROBST, ANDY SCHNEIDER, DAISY BILLINGTON,
MATT DAVEL, LONNIE SELIG, MARLA BOBHOLZ-DAVIS,
DAN MINNICK, JENNIFER DEGROOT, VIKKI WEBER,
KATHY SABEL, BYRAN BARTOW, CHRISTI BERMEJO and
JOHN EASTERDAY,

                Defendants.

ORDER
08-cv-536-bbc

---

      Plaintiff David Clark is a civilly-committed mental health patient held at the Wisconsin Resource Center. Plaintiff has filed a lawsuit alleging violations of the Religious Land Use and Institutionalized Persons Act, the First Amendment and the Fourteenth Amendment due process clause. On January 15, 2010, defendants filed a motion to compel plaintiff to sign an Authorization and Informed Consent for Use and Disclosure of Medical Information. *See* dkt. 40. This authorization form was sent to plaintiff on three occasions by defendants's counsel, who also states that she attempted to discuss the request with plaintiff on January 15, 2010 but he refused. In response, plaintiff has filed a motion to limit discovery, for protective orders and to compel discovery, together with a brief in opposition to defendants' motion. *See* dkts. 42-47.

      In his response, plaintiff objects to signing the authorization for release of his medical release because he has not put at issue his mental or physical health. But as defendants note,

because plaintiff is a mental health patient, virtually *all* of his records at WRC are considered confidential treatment records. Further, plaintiff alleges that the defendants' actions have resulted in removal from treatment and an extension of confinement. Therefore, plaintiff's records at WRC are highly relevant to issues raised by plaintiff in his lawsuit. Defendants also point out that plaintiff's failure to sign this authorization prevents defendants' counsel from communicating with her clients about plaintiff and the issues in this case. Defendants are entitled to access to these treatment records in order to prepare their defense.

In his counter-motion, it appears that plaintiff is attempting to limit the release of his treatment records to the 27 exhibits he has submitted and that he deems relevant. However, it is not up to plaintiff to self-select the documents from his records that he deems discoverable. This proposed solution also would not address counsel's concern about being able to discuss plaintiff's treatment and behavior with the defendants. Defendants are entitled to a disclosure authorization from plaintiff in order properly and adequately to defend against his allegations. To address plaintiff's concerns regarding public disclosure of his treatment records, defendants have agreed to take steps to prevent public disclosure of these records.

The court never forces a party to sign a medical records release form, but a party's choice not to sign has consequences. If plaintiff is unwilling to consent to authorize the requested disclosures in this case, then his decision likely will result in dismissal of his lawsuit because the defendants cannot defend themselves without access to plaintiff's treatment records.

In addition, plaintiff appears to be asking the court to compel defendants to admit to the authenticity of his exhibits 1-27. This motion will be denied because defendants have not been allowed access to plaintiff's medical records to determine whether the exhibits are in fact authentic. Also, plaintiff moves to compel defendants to admit the authenticity of other

2

Wisconsin Resource Center documents which were not provided to defendants. Plaintiff's motion to compel defendants response to admissions will be denied.

Finally, in plaintiff's response to defendants' motion to compel he states that if defendants' motion to compel is not denied, then he is reviving his motion for appointment of counsel. On December 1, 2008, plaintiff's motion for appointment of counsel was denied without prejudice. At this time, I will deny plaintiff's second motion for appointment of counsel without prejudice because he has not given any reasons to warrant appointment of counsel.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to compel plaintiff to sign the authorization of release of medical information, dkt. 40, is DENIED. If plaintiff does not sign and return such an authorization form by February 8, 2010, then defendants may move to dismiss plaintiff's action. If plaintiff timely provides a signed release form, then defendants may seek leave to reschedule the summary judgment motion deadline.

2. Plaintiff's motion to limit discovery, for protective order and to compel discovery, dkt. 42, is DENIED, except that defendants will be required to maintain the confidentiality of plaintiff's treatment records during pretrial discovery in the event plaintiff signs a release form.

3. Plaintiff's second motion for appointment of counsel, dkt. 47, is DENIED without prejudice.

Entered this 27th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge