IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID J. CLARK,

                    Plaintiff,

    v.

KAREN LEITNER, MIKE CARROLL, ROBERT
KRIZ, NANCY SEEFELDT, ERICA SCHEDEL,
RANDI RAHMER, NICOLE SUESS, MELISSA
SAUBY, ABBAS ANGHA, KENRIC KLEMZ,
STEVE HAMILTON, DAN WINKLER, STEVE
HABLE, DANA KRUEGER, ROBIN MEIKLEJOHN,
MATT DAVIS, TERRY WELHOUSE, SCOTT
ALLEN, LEON LIPP, JIM EMERSON, TONY
GASSEN, MIKE PRIEBE, PAT KRIZ, RYAN ALBALAN,
JASON PROBST, ANDY SCHNEIDER, DAISY
BILLINGTON, MATT DAVEL, LONNIE SELIG,
MARLA BOBHOLZ-DAVIS, DAN MINNICK,
JENNIFER DEGROOT, VIKKI WEBER, KATHY
SABEL, BYRAN BARTOW, CHRISTI BERMEJO and
JOHN EASTERDAY,

                    Defendants.

ORDER

08-cv-536-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff David Clark, a civilly committed mental health patient held at the Wisconsin Resource Center, has filed a lawsuit alleging violations of the Religious Land Use and Institutionalized Persons Act, the First Amendment and the Fourteenth Amendment due

1

process clause. Now before the court is plaintiff's motion, dkt. #50, for review of Magistrate Judge Crocker's January 27, 2009 order, dkt. #49, denying plaintiff's motion to limit discovery, for a protective order and to compel discovery and his motion to appoint counsel. Plaintiff was also advised that if he did not sign and return a medical authorization form by February 8, 2010, defendants may move to dismiss plaintiff's action. Dkt. #49 at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(A), I may reconsider the magistrate judge's order where it has been shown that it is clearly erroneous or contrary to law. I will consider plaintiff's motion as his objections to the order pursuant to Fed. R. Civ. P. 72(a). I understand plaintiff to object to the magistrate judge's order on the grounds that he is unable to litigate this case himself and is being retaliated against at the Wisconsin Resource Center. Plaintiff has not shown or alleged that any retaliatory actions are preventing him access to the court. Therefore, he would need to raise these allegations in a new complaint.

Further, plaintiff's failure to sign and return a medical authorization form is unrelated to his ability to represent himself. In his order, the magistrate judge explained that plaintiff could not self-select the documents from his records that he deems discoverable, but that he must sign a release of his medical records so that defendants may defend against his allegations. Dkt. #49 at 2. Plaintiff has shown that he is capable of following these instructions.

I have reviewed the magistrate judge's decision and find that it is neither clearly erroneous nor contrary to law. Therefore, plaintiff's motion for reconsideration will be

2

denied. However, I will grant plaintiff an extension of time until February 18, 2010 to file his signed release form.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for reconsideration, dkt. #50, of Magistrate Judge Stephen Crocker's January 27, 2010 order, dkt. #49, is DENIED.

2. Plaintiff may have until February 18, 2010 to sign and return to defendants' counsel the authorization of release of medical information.

Entered this 9th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge